```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---

JANE DOE ET AL.,

                Plaintiffs,         22-cv-6066 (JGK)

    - against -                 ORDER

NEW YORK FERTILITY INSTITUTE ET AL.,

                Defendants.

---

JOHN G. KOELTL, District Judge:

    The plaintiffs have brought this case under pseudonyms. A plaintiff may "maintain an action under a pseudonym" only if "the plaintiff's interest in anonymity" outweighs "the public interest in disclosure and any prejudice to the defendant." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008). The Court of Appeals for the Second Circuit has laid out ten non-exhaustive factors to be considered in making this determination:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be

mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. at 189-90; see also R.F.M. v. Nielsen, 365 F. Supp. 3d 350, 370-72 (S.D.N.Y. 2019); Doe v. United States, No. 16-cv-7256, 2017 WL 2389701, at *1 (S.D.N.Y. June 1, 2017).

The plaintiffs have not yet made any showing that they should be allowed to proceed under pseudonyms. The plaintiffs should file a motion explaining why they should be permitted to proceed using pseudonyms.

SO ORDERED.
Dated:   New York, New York
         July 19, 2022

_____
John G. Koeltl
United States District Judge

2